## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BRENT SMITH and BRENT JENKINS on behalf of themselves and all those similarly situated who consent to representation, | ) ) ) ) | |
| | ) | Civil Action Number: |
| | ) | |
| | ) | FLSA Collective Action |
| Plaintiffs, | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| CHEPES MEXICAN GRILL, LLC, a Georgia Corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

## <u>COLLECTIVE ACTION COMPLAINT</u>

COMES NOW Plaintiffs Brent Smith (hereinafter "Plaintiff Smith") and Brent Jenkins (hereinafter "Plaintiff Jenkins") (collectively "Plaintiffs") by and through their undersigned counsel, and file this lawsuit against Defendant Chepes Mexican Grill, LLC (hereinafter "Defendant") on behalf of himself and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, <u>et seq</u>., as amended

(hereinafter "FLSA"), and specifically the collective action provisions of the FLSA found at § 216(b) to remedy violations of the minimum hourly wage provisions of the FLSA by Defendant which have deprived Plaintiffs, as well as others similarly situated to the named Plaintiffs, of their lawful minimum hourly wage and overtime wages.

2.      Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).   Named Plaintiffs' individual consents to sue are incorporated herein as Exhibits A & B.

3.      Other current and former employees of Defendant's five restaurants in the State of Georgia (hereinafter "Defendant's five restaurants") are also entitled to receive minimum hourly wage compensation and overtime compensation for the reasons alleged in this Complaint.

4.      The above-named Plaintiffs may be permitted to maintain this action "for and on behalf of [themselves] . . . and other employees similarly situated." 29 U.S.C. § 216(b).

5.      Any similarly situated current or former employee of Defendant's five restaurants wishing to become a party plaintiff to this action must provide "his

consent in writing to become such a party," and such consent must be filed with this Court.  29 U.S.C. § 216(b).

6.      This action is brought to recover unpaid minimum hourly wage and overtime wage owed to Plaintiffs and other current and former employees of Defendant's five restaurants who are similarly situated to Plaintiffs, pursuant to the FLSA.

7.      The named Plaintiffs and any collective group similarly situated were or are employed by Defendant working at various times during their employment by Defendant servers, bussers, food runners, bartenders, and/or any other position which contributed to and/or received tips from a tip pool.

8.      During the employment of Plaintiffs, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated, Defendant committed widespread violations of the FLSA by failing to compensate employees at the legally appropriate minimum hourly wage and overtime wage.

9.      Plaintiff and all similarly situated current and former employees of Defendant's five restaurants who elect to participate in this action seek unpaid minimum hourly wage, unpaid overtime wage, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

11. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

12.    Plaintiff Smith resides in Cobb County, Atlanta, Georgia (within this District) and is a citizen of the United States.  Plaintiff Smith has been employed by Defendant at one of Defendant's restaurant from on or about November, 2010 until present as a server.

13.    Plaintiff Jenkins resides in Cobb County, Atlanta, Georgia (within this District) and is a citizen of the United States.  Plaintiff Jenkins has been employed by Defendant at one of Defendant's restaurants from on or about October 2010 until present as first a busser and then a server.

14.    At all times material to this action, Plaintiffs and any collective group similarly situated were "employees" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.  These

same individuals are further covered by §§ 203, 206, and 207 of the FLSA for the period in which they were employed by Defendant.

15.     Defendant is a corporation formed under the laws of the State of Georgia and owns and operates restaurants in Georgia.

16.     Defendant's five restaurants are located at Chepe's at Bethelview Road, Suite 560, Cumming, Georgia 30040 (hereinafter "Chepe's at Bethelview Road"); Chepe's at Mathis Airport Parkway, Suite 100, Suwanee, Georgia 30024 (hereinafter "Chepe's at Mathis Airport Parkway"); Chepe's at Johnson Ferry Road, Suite 101, Marietta, Georgia 30068 (hereinafter "Chepe's at Johnson Ferry Road"); Chepe's at Old Alabama Road, 3005 Old Alabama Road, Suite 2000, Johns Creek, Georgia, 30022 (hereinafter "Chepe's at Old Alabama Road"); and Chepe's at Shallowford Road, 3052 Shallowford Road, Suite 104, Marietta, Georgia 30062 (hereinafter "Chepe's at Shallowford Road").

17.     Defendant conducts business within this State and District.

18.     Defendant maintained either actual or constructive control, oversight and direction of Defendant's five restaurants, including the employment and pay and other practices.

19.    Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Andrew Hartman, 145 Towne Lake Parkway, Suite 200, Woodstock, Georgia 30188.

20.    At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

21.    At all times material to this action, Defendant was an "employer" of the named Plaintiffs and of others similarly situated, as defined by § 203(d) of the FLSA.

22.    The tipped employee provisions set forth in § 203 of the FLSA apply to Defendant.

23.    The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendant.

24.    The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

**FACTUAL ALLEGATIONS**

25.    Plaintiffs worked at Defendant's Chepe's at Shallowford Road restaurant.

6

26.    Upon information and belief, Defendant employed, in the past three years prior to the filing of this Complaint over 50 separate individuals who received tips as part of their compensation.

27.    The tip pool policy/practice was the same or similar at all five of Defendant's restaurants.

28.    Plaintiffs' duties and the duties of other current and former employees similarly situated included servicing Defendant's customers by performing duties such as taking food and drink orders, serving food and drink orders, and clearing tables.

29.    At all times relevant to this action, it was the policy and/or practice of Defendant to compensate Plaintiffs and other current and former employees similarly situated an hourly wage plus tips and such hourly wage was less than the federal minimum wage.

30.    At all times relevant to this action, Plaintiffs and other current and former employees similarly situated of Defendant's restaurants did not retain all tips they received.

31.    At all times relevant to this action, the Defendant took a tip credit against the wages of Plaintiffs and those similarly situated.

32.     At all times relevant to this action, it was Defendant's policy and/or practice that Plaintiffs and other current and former employees similarly situated were required to participate in a "tip pool."   Defendant required the servers to contribute 3% of gross sales (non-alcoholic) from each shift to the tip pool for servers, bussers, food runners, and possibly other employees, and 5% of alcohol sales from each shift to the tip pool for bartenders.

33.     Upon information and belief, bussers, food runners, bartenders, and other employees were then paid a portion of the tips from the tip pool.

34.     Upon information and belief, servers were required to contribute to the tip pool each shift for distribution of tips to food runners and bussers even when food runners and bussers did not work that shift.   Upon information and belief, the food runners and bussers did not then receive the tips and Defendant retained the tips.

35.     Upon information and belief, Defendant retained a portion of the tip pool to offset the hourly wage of the food runners in violation of the FLSA.

36.     Upon information and belief, Defendant retained a portion of the tip pool to offset the hourly wage of kitchen workers or other employees in violation of the FLSA.

37.   At all times relevant to this action, because Defendant illegally retained a portion of tips from the tip pool and/or distributed to employees who were not participating in the tip pool, the tips received by Plaintiffs and those similarly situated may not be considered as part of wages paid to them for purposes of satisfying Defendant's minimum wage obligations.

38.   Defendant failed to meet the requirements for paying Plaintiffs and other current and former employees similarly situated of Defendant's restaurants minimum wage, exclusive of an additional amount on account of the tips received by such employees, as required under the requirements of the FLSA under 29 U.S.C. §§ 203 and 206.

39.   At all times relevant to this action, Plaintiffs and other current and former employees similarly situated of Defendant's five restaurants were non-exempt employees for purposes of overtime compensation.

40.   At all times relevant to this action, Plaintiffs and other current and former employees similarly situated of Defendant's five restaurants were at times required to work in excess of forty (40) hours a week.

41.   At all times relevant to this action, Defendant had a policy and/or practice of not compensating Plaintiffs and other current and former employees similarly situated of Defendant's five restaurants for time worked in excess of 40

hours per week on a basis of one and one-half times minimum wage at which they were by law required.

42.     Defendant is liable to the named Plaintiffs and other current and former employees similarly situated of Defendant's five restaurants for compensation for all time worked in which they were paid at a rate of pay less than the federal minimum wage rate.

43.     Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiffs and other current and former employees similarly situated.

44.     Defendant failed to meet the requirements for paying Plaintiff and other current and former employees similarly situated of Defendant's five restaurants at a rate not less than one and one-half times minimum wage, exclusive of an additional amount on account of the tips received by such employees, at which Plaintiffs and other current and former employees similarly situated of Defendant's five restaurants were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

45.     Defendant is liable to Plaintiffs and other current and former employees similarly situated of Defendant's five restaurants for compensation for

any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times minimum wage, exclusive of an additional amount on account of the tips received by such employees, at which Plaintiffs and other current and former employees similarly situated of Defendant' five restaurants were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

46.    By reason of the said intentional, willful and unlawful acts of Defendant, the named Plaintiffs and other current and former employees similarly situated of Defendant's five restaurants have suffered damages plus incurring costs and reasonable attorneys' fees.

47.    As a result of Defendant's willful violations of the FLSA, the named Plaintiffs and other current and former employees similarly situated of Defendant's five restaurants are entitled to liquidated damages.

48.    The named Plaintiffs have retained the undersigned counsel to represent them and other current and former employees similarly situated of Defendant's five restaurants in this action, and pursuant 29 U.S.C. § 216(b), the named Plaintiffs and other employees similarly situated are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

49.    Plaintiffs demand a jury trial.

## COUNT I

50.     Plaintiffs repeat and incorporate by reference paragraphs 1-49 herein.

51.     By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

52.     Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to current and former employees of Defendant's five restaurants, including the named Plaintiffs and other similarly situated employees in accordance with §§ 203 and 206 of the FLSA.

53.     As a result of Defendant's violations of the FLSA, the named Plaintiffs, as well as other similarly situated employees have suffered damages by failing to receive minimum wage compensation in accordance with §§ 203 and 206 of the FLSA.

54.     Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of the named Plaintiffs and other similarly situated current and former employees of Defendant's five restaurants.

55.     As a result of the unlawful acts of Defendant, the named Plaintiffs and all current and former employees similarly situated of Defendant's five restaurants

have been deprived of minimum wage compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## COUNT II

56.     Plaintiffs repeat and incorporate by reference paragraphs 1-49 herein.

57.     By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

58.     Defendant have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation in an amount of minimum wage and one-half.   Such overtime compensation practice was applicable to current and former employees of Defendant's five restaurants, including Plaintiffs and other similarly situated employees.

59.     As a result of Defendant's violations of the FLSA, Plaintiffs, as well as other similarly situated employees have suffered damages by failing to receive an overtime rate of minimum wage and one-half in accordance with §§ 203 and 207 of the FLSA.

60.    Defendant has not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiffs and other similarly situated former employees of Defendant' five restaurants.

61.    As a result of the unlawful acts of Defendant, Plaintiffs and all current and former employees similarly situated of Defendant's five restaurants have been deprived of overtime compensation equal to minimum wage and one-half in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, the named Plaintiffs, individually and on behalf of all other similarly situated persons who will opt-in to this action, pursuant to § 216(b) of the FLSA, pray for the following relief:

A.   That all Plaintiffs be awarded damages for the three years preceding the filing of this Complaint in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

B.   That all Plaintiffs be awarded pre- and post-judgment interest;

C.   That all Plaintiffs be awarded reasonable attorneys' fees;

D.   That all Plaintiffs be awarded the costs and expenses of this action; and

E.    That all Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 2nd day of March, 2012.

MARTIN & MARTIN, LLP

By:    /s/ Kimberly N. Martin
       Kimberly N. Martin
       kmartin@martinandmartinlaw.com
       Georgia Bar No. 473410
       Thomas F. Martin
       tfmartin@martinandmartinlaw.com
       Georgia Bar No. 482595

       MARTIN & MARTIN, LLP
       Post Office Box 1070
       Tucker, Georgia 30085
       (404) 313-5538 / (770) 837–2678 Fax